UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

ANDRE VANCE POWELL,                )
                                   )
            Plaintiff,             )
      vs.                          )     2:09-cv-292-WTL-TAB
                                   )
LINDA S. LEONARD, et al.,          )
                                   )
            Defendants.            )

**Entry Discussing Complaint and
Directing Entry of Final Judgment**

For the reasons explained in this Entry, the action must be dismissed for failure to state a claim upon which relief can be granted.

**I.**

"A provision added to the Judicial Code by the Prison Litigation Reform Act of 1996 requires the district judge to screen prisoner complaints at the earliest opportunity and dismiss the complaint, in whole or part, if . . . it 'fails to state a claim upon which relief can be granted.'" *Sanders v. Sheahan*, 198 F.3d 626 (7th Cir. 1999) (quoting 28 U.S.C. § 1915A(b)(1)). Because plaintiff Andre Vance Powell ("Powell") was a prisoner at the time this action was filed, see 42 U.S.C. § 1997e(h)(providing that the term "'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program"), his amended complaint is subject to screening pursuant to 28 U.S.C. § 1915A(b). This statute directs that the court dismiss a complaint or any claim within a complaint which "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* To state a claim upon which relief can be granted, "[f]actual allegations [in a complaint] must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly,* 127 S. Ct. 1955, 1965 (2007). That is, there must be "enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

**II.**

Powell, an inmate at the Putnamville Correctional Facility ("PCF"), sought habeas corpus relief with respect to a prison disciplinary proceeding. The habeas action was

docketed as No. 2:08-cv-355-LJM-JMS ("the habeas action"), and was dismissed as moot on January 29, 2009, based on an administrative order from the final reviewing authority directing that a rehearing be conducted. That rehearing was conducted, and Powell was again found guilty and sanctioned.

Powell alleges in the present action that the defendants conspired to reimpose guilt in his remanded disciplinary case and in an act of retaliation imposed harsh sanctions. Powell explains that he filed a petition for habeas corpus relief in cause no. 2:08-cv-355-LJM-JMS ("the habeas action") that challenged a February 14, 2008, PCF disciplinary proceeding in No. ISF 08-01-155. The habeas action was dismissed as moot on January 29, 2009, based on a January 21, 2009, remand for rehearing ordered by the final reviewing authority. At the rehearing, Powell was again found guilty and sanctioned to 90 days of solitary confinement.

Powell's first contention is that his due process rights were violated in the way the rehearing was secured or conducted. As to the former, he is mistaken for the reasons thoroughly explained, reviewed, and restated in the habeas actions. *Macktal v. Chao,* 286 F.3d 822, 825 (5th Cir. 2002)("[I]t is generally accepted that in the absence of a specific statutory limitation, an administrative agency has the inherent authority to reconsider its decisions.")(collecting cases). As to the latter, this too was addressed in a post-judgment Entry in the habeas action:

> The petitioner states that there are irregularities in the rehearing of the case. This may be true, but could not be presented in this case because the rehearing of the case–which he does not contend has been concluded–is not the proceeding which was challenged here.

Entry of February 27, 2009, in No. 2:08-cv-355-LJM-JMS, at p.2. If Powell suffered the imposition of "custody" as a result of the guilty finding and sanction at the rehearing, and if he has exhausted his available administrative and state court remedies, *Eads v. Hanks,* 280 F.3d 728, 729 (7th Cir. 2002), he may challenge that in a new habeas action. By contrast, if he was not sanctioned with the loss of a protected liberty interest, he will not satisfy the "in custody" requirement of 28 U.S.C. § 2254(a), *Montgomery v. Anderson,* 262 F.3d 641, 644 (7th Cir. 2001), and likewise has suffered no due process violation cognizable under 42 U.S.C. § 1983. *Townsend v. Fuchs*, 552 F.3d 765, 772 (7th Cir. 2008)(citing *Wilkinson v. Austin*, 545 U.S. 209, 222-24 (2005)). In either event, there is no due process claim which can be asserted at present based on the rehearing.

Powell's second claim is that the defendants conspired to retaliate against him for filing his habeas action. "[N]ot every claim of retaliation by a disciplined prisoner, who either has had contact with, or has filed a lawsuit against prison officials, will state a cause of action for retaliatory treatment. Rather, the prisoner must allege a chronology of events from which retaliation may plausibly be inferred." *Cain v. Lane*, 857 F.2d 1139, 1143 (7th Cir. 1988)(citing *Murphy v. Lane*, 833 F.2d 106, 108-09 (7th Cir. 1987); *Benson v. Cady*, 761 F.2d 335, 342 (7th Cir. 1985) (noting that "alleging merely the ultimate fact of retaliation is insufficient")). Powell has not alleged a chronology of events from which retaliation may

be inferred. Powell was sanctioned pursuant to a disciplinary proceeding, he filed a habeas action, the disciplinary proceeding was remanded for a rehearing, the habeas action was dismissed, the rehearing was conducted, and Powell was again found guilty and sanctioned. The fact that Powell does not agree with the sanction imposed following the rehearing is not sufficient to state a claim of retaliation. "Plaintiff has no right protecting him from being charged with a disciplinary offense . . . . A plaintiff cannot bootstrap a frivolous complaint with a conclusory allegation of retaliation." *Brown v. Carpenter*, 889 F.Supp. 1028, 1034 (W.D.Tenn. 1995).

In addition, a First Amendment retaliation claim requires the plaintiff to prove that his speech "was the 'reason' that the employer decided to act." *Gross v. FBL Fin. Servs., Inc.*, 129 S. Ct. 2343, 2350 (2009); *see also Fairley v. Andrews*, 578 F.3d 518, 526 (7th Cir. 2009) (indicating that the decisions which say that a plaintiff need only prove that his speech was a motivating factor in the defendant's decision do not survive *Gross*). In other words, even if retaliation was a motivating factor for the defendants in applying sanctions at the conclusion of Powell's disciplinary rehearing, such allegations are not enough to establish retaliation. Powell's retaliation claim cannot overcome the fact that the sanctions were imposed as a result of the misconduct for which he was found accountable at the rehearing.

Powell's Equal Protection Claim must also be dismissed. "A person bringing an action under the Equal Protection Clause must show intentional discrimination against him because of his membership in a particular class, not merely that he was treated unfairly as an individual." *Herro v. City of Milwaukee,* 44 F.3d 550, 552 (7th Cir. 1995) (internal quotation omitted). Simply receiving different or unfair treatment is not enough to raise an equal protection violation. *Huebschen v. Department of Health & Soc. Servs.*, 716 F.2d 1167, 1171 (7th Cir.1983). Powell has failed to allege that he was treated unfairly because of his membership in a particular class and therefore does not allege a viable equal protection claim.

### III.

Because the complaint does not allege a violation of a federal right, the dismissal of the action pursuant to 28 U.S.C. § 1915A(b) is now mandatory. *Gladney v. Pendleton Corr. Facility,* 302 F.3d 773, 775 (7th Cir. 2002).

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 12/01/2009

_William T. Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana